Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 65 | **DATE** | 5/11/2000 |
| **CASE TITLE** | US ex rel. Daugherty vs. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** The Court denies Daugherty's petition for habeas corpus pursuant to 28 U.S.C. §2254. Final judgment entered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



UNITED STATES OF AMERICA, ex rel. )
WILLIAM DAUGHERTY, )
)
Petitioner, )
)
vs. ) 00 C 0065
)
ROGER D. COWAN, Warden, )
)
Respondent. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Petitioner William Daugherty's ("Daugherty") petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. For the reasons set forth below, the Court denies Daugherty's petition.

## BACKGROUND

A jury convicted Daugherty of first degree murder, attempted first degree murder, and armed robbery. The court sentenced Daugherty to 60 years imprisonment for his first degree murder conviction and 30 years imprisonment for his attempted murder conviction, which were to be served consecutively. In addition, the court sentenced Daugherty to a concurrent 30 year term of

imprisonment for his armed robbery conviction. Daugherty is currently in the custody of Respondent Roger D. Cowan, Warden of the Menard Correctional Center in Menard, Illinois.

Daugherty appealed his convictions and sentence to the Illinois Appellate Court, claiming that the trial court abused its discretion in denying his motion to suppress evidence and that his sentence was improperly disparate compared to that of his co-defendant. On, October 17, 1997, the Illinois Appellate Court affirmed Daugherty's convictions and sentence. Daugherty did not file a petition for leave to appeal this decision to the Illinois Supreme Court.

On March 19, 1997, Daugherty filed a pro se petition for post-conviction relief, alleging, inter alia, ineffective assistance of trial and appellate counsel, that he was denied his constitutional right to a prompt judicial determination of probable cause at trial and that this determination was clearly erroneous, and that his sentence was unconstitutional and excessive. On May 16, 1997, the Circuit Court of Cook County denied Daugherty's petition for post-conviction relief, finding that all but one of the issues raised were barred by the doctrine of res judicata and waiver. With respect to the remaining issue, which claimed ineffective assistance of appellate counsel, the court found that Daugherty failed to demonstrate that he was

prejudiced by his appellate counsel's alleged failure to raise certain issues on appeal. Daugherty appealed his denial of post-conviction relief. On this appeal, his appointed counsel moved to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L.Ed.2d 539, 107 S.Ct. 1990 (1987). Petitioner filed a pro se response, attacking the trial court's denial of his post-conviction relief and claiming that he should have been appointed counsel to assist him in his post-conviction petition and that an evidentiary hearing should have been held. On January 4, 1999, the Illinois Appellate Court granted counsel's motion to withdraw pursuant to Finley and affirmed the denial of Daugherty's post-conviction petition, finding it frivolous and patently without merit. Daugherty then filed a petition for leave to appeal to the Illinois Supreme Court. On June 2, 1999, the Illinois Supreme Court denied Daugherty's petition for leave to appeal.

On December 29, 1999, Daugherty filed this petition for habeas corpus. He presently makes five arguments. Four of the claims allege ineffective assistance of trial or appellate counsel based on various alleged errors. The remaining claim alleges that Daugherty suffered a violation of his constitutional rights to due process and to be free from unlawful seizures when police detained him for 2 ½ to 3 ½ days

without affording him a prompt judicial probable cause determination and where authorities obtained evidence from him as a result of their illegality.

## LEGAL STANDARD

Daugherty's petition is governed by the amendments to 28 U.S.C. §2254. Subsection (d) of section 2254 governs the consideration of any claim adjudicated by a state court on its merits. See Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996) (en banc), rev'd on other grounds, 521 U.S. 320, 117 S.Ct. 2059 138 L.Ed.2d 481 (1997). Under §2254(d)(1), habeas relief may be awarded only if the state court's adjudication of the claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Under subsection (d)(2), habeas relief is possible only if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court. See id., citing §2254(d)(2). The "unreasonable application" exception of §2254(d)(1) applies to mixed questions of law and fact, and thus where the state court offers "a responsible, thoughtful answer" after "full opportunity to litigate" the question, a federal court on habeas

review must accept that answer as "adequate to support the judgment." Lindh, 96 F.3d at 871.

A federal court cannot address the merits of constitutional claims brought in a petition for habeas corpus relief, however, unless the state courts have had a full and fair opportunity to review them. See United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1131-32 (7th Cir. 1990). As the Seventh Circuit explained in Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988):

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries–whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer is "no," the petition is barred either for failure to exhaust state remedies or for procedural default. Id.

In order to avoid procedural default, a federal habeas petitioner must show that he raised his habeas corpus claims during the state proceedings and that he gave the highest state court an opportunity to address these claims. See Cawley v. DeTalla, 71 F.3d 691, 694 (7th Cir. 1995) (citations omitted). In Cawley, the Seventh Circuit explained that a federal court's review of a habeas claim is barred if the state in which the petitioner was convicted treats the failure to appeal as a procedural default barring further review. See id.

## DISCUSSION

Daugherty's alleges ineffectiveness of trial and appellate counsel because: (1) his appellate counsel did not raise on direct appeal the prosecutor's alleged failure to prove Daugherty guilty beyond a reasonable doubt where the facts did not support an accountability instruction; (2) his appellate counsel did not raise on direct appeal the prosecutor's alleged failure to prove Daugherty guilty beyond a reasonable doubt when there existed reasonable doubt based on the surviving victim's failure to identify Daugherty as the person who shot her; (3) his trial and appellate counsel failed to move to reopen/reconsider the trial court's finding of probable cause and his appellate counsel failed to raise the issue on direct appeal; and (4) his trial and appellate counsel failed to claim that his 60 year sentence was grossly disparate to other murder defendants in Cook County. The post-conviction state court rejected Daugherty's ineffective assistance of counsel claims as meritless and found that Daugherty failed to establish that he was prejudiced by his counsel's alleged errors. Although Daugherty attempts to reargue the merits of his case, he fails to demonstrate that his counsel's performance fell outside "the wide range of reasonable professional assistance" or that it prejudiced his defense. Galowski v. Berge, 78 F.3d 1176, 1180 (7th Cir. 1996), cert. denied, 519 U.S. 878, 117 S.Ct. 202, 136 L.Ed.2d 138 (1996).

This Court gives some deference to the state court's application of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See <u>Ashford v. Gilmore</u>, 167 F.3d 1130, 1134 (7th Cir. 1999). "Only a clear error in applying <u>Strickland</u>'s standard would support a writ of habeas corpus." See <u>id.</u>, quoting <u>Holman v. Gilmore</u>, 126 F.3d 876, 882 (7th Cir. 1997). A petitioner bears "a heavy burden in proving that [his] trial attorney rendered ineffective assistance of counsel." <u>United States v. Holland</u>, 992 F.2d 687, 691 (7th Cir. 1993). The purpose behind the Sixth Amendment's guarantee of effective assistance of counsel is to ensure a fair trial. Thus, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to state a claim for ineffective assistance of counsel, Daugherty must show that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment " and that his counsel's "deficient performance prejudiced the defense." <u>United States v. Davenport</u>, 986 F.2d 1047 (7th Cir. 1993). This test is highly deferential to the decisions of the trial attorney, and this Court presumes that "counsel rendered adequate assistance and exercised reasonable professional judgment in making all

significant decisions." United States v. Jackson, 103 F.3d 561, 573 (7th Cir. 1996). Moreover, it is not enough for the defendant to demonstrate that the alleged errors had some conceivable effect on the outcome of the trial. See Strickland, 466 U.S. at 693, 104 S.Ct. at 2067. Rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.

Reviewing the record, the Court does not find that the state court erred in applying Strickland. Daugherty fails to allege any act or failure to act of his counsels which would have altered the outcome of his proceedings. Rather, Daugherty merely speculates about different theories he believes would have aided him and takes issue with the evidence against him. The state court found that Daugherty's first two ineffectiveness of counsel claims lacked merit because the facts of the case did support an accountability instruction and the surviving witness' testimony clearly gave rise to the inference that Daugherty shot her. In Illinois, one is accountable for the acts of another when "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." 720 ILCS 5/5-2(c) (West 1992). The facts of the case demonstrated that Daugherty, along with two other men, entered the victim's home,

and while Daugherty pointed a gun at another resident and demanded money, the other two men beat the victim. Although Daugherty claimed that the attack was the spontaneous act of his codefendants, because there was evidence to the contrary, the trial court allowed an accountability instruction. Moreover, the surviving witness testified that Daugherty was holding a gun to her head and told her that he was going to kill her, and then she felt a pain in her head. Reviewing these facts of Daugherty's trial, the state court found that appellate counsel was not ineffective for not raising a reasonable doubt claim based on the accountability instruction and the surviving witness' alleged failure to identify Daugherty. This Court agrees with the state court and finds that appellate counsel's actions were not outside the wide range of reasonable professional assistance. There is nothing to suggest that the outcome of Daugherty's proceeding would have been different had Daugherty's counsel raised the reasonable doubt claims.

Similarly, Daugherty's third and fourth claims for ineffectiveness of counsel lack merit. The post-conviction state court rejected Daugherty's theory that the police officers lied at Daugherty's probable cause hearing, and thus, his trial and appellate counsel were ineffective because they failed to move to reopen/reconsider the finding of probable cause. The state court found that Daugherty's counsels did not render ineffective assistance not only because there was insufficient evidence

indicating that the officers lied but also because Daugherty failed to establish prejudice. This Court finds that the state court did not err in finding that Daugherty's trial and appellate counsel did not render ineffective assistance for failing to move to reopen/reconsider the probable cause finding. There exists nothing to demonstrate that the making of such a motion would have altered the outcome of Daugherty's case.

In addition, Daugherty's claim that his trial and appellate counsels rendered ineffective assistance for failing to argue that Daugherty's 60 year sentence was disparate compared to other murder defendants in Cook County lacks merit. Daugherty's appellate counsel made arguments regarding the excessiveness of the 60 year sentence. Daugherty nowhere indicates how or why his sentence would have been different if his counsels had made the specific argument he suggests–that his sentence was excessive compared to other murder defendants in Cook County. Thus, that Daugherty's trial and appellate counsels did not raise this argument did not render the assistance of counsel ineffective.

Daugherty's remaining claim alleges that Daugherty suffered a violation of his constitutional rights to due process and to be free from unlawful seizures when police detained him for 2 ½ to 3 ½ days without affording him a prompt judicial probable cause determination and where authorities obtained evidence from him as

a result of their illegality. The post-conviction state court found that this claim involved a matter of record which could have been raised on direct appeal. Because Daugherty did not raise this claim on direct appeal, he waived it. See People v. Wilson, 87 Ill. App. 3d 693, 699, 409 N.E.2d 344, 348 (1st Dist. 1980). Because the merits of this claim were never considered in state court, this Court may not address them. See Burgin v. Broglin, 900 F.2d 990, 996 (7th Cir. 1990), citing Sotelo v. Indiana State Prison, 850 F.2d 1244, 1252 (7th Cir. 1988).

## CONCLUSION

For the reasons set forth above the Court denies Daugherty's petition for habeas corpus pursuant to 28 U.S.C. §2254.

*[signature]*
Charles P. Kocoras
United States District Court Judge

Dated: May 11, 2000